**610**

ILLINOIS BELL TELEPHONE COMPANY, Plaintiff–Appellee,

v.

HAINES AND COMPANY, INC., Haines Criss + Cross Publishers, Inc., William K. Haines, Sr., and William K. Haines, Jr., Defendants–Appellants.

HAINES AND COMPANY, INC., and Haines Criss + Cross Publishers, Inc., Counterclaimants–Appellants,

v.

ILLINOIS BELL TELEPHONE COMPANY, Counterdefendant–Appellee.

No. 89–2207.

United States Court of Appeals, Seventh Circuit.

May 7, 1991.

Robert Guritz, L. Bow Pritchett, Ronald E. Cundiff, James R. Bryant, Jr., Chicago, Ill., Mayer, Brown & Platt, Washington, D.C., for Illinois Bell Telephone.

Edward G. Wierzbicki, Craig S. Fochler, Thomas P. Arden, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, Ill., Bernard A. Barken, St. Louis, Mo., for William K. Haines, Sr., William K. Haines, Jr., Haines and Co., Inc. and Haines Criss + Cross Publishers, Inc.

Richard D. Grauer, Frank K. Zinn, Dykema & Gossett, Detroit, Mich., for Cross–Reference Directory Publishers amicus curiae.

Rosanne J. Faraci, Lawrence Gunnels, Mayer, Brown & Platt, Chicago, Ill., for Illinois Telephone Assn, Inc. amicus curiae.

John C. McNett, Spiro Bereveskos, Woodard, Emhardt, Naughton, Moriarty & McNett, Indianapolis, Ind., James E. Taylor, Jack C. Lorenz, St. Louis, Mo., for Southwestern Bell Telephone Co. amicus curiae.

Before FLAUM and KANNE, Circuit Judges, and NOLAND, Senior District Judge.*

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

FLAUM, Circuit Judge.

On June 25, 1990, we issued an opinion in this matter. *Illinois Bell Telephone v. Haines & Co.*, 905 F.2d 1081 (7th Cir.1990). On April 1, 1991, the Supreme Court granted certiorari, vacated our earlier opinion, and remanded the case to us for reconsideration in light of its decision in *Feist Publications Inc. v. Rural Telephone Service Co.*, —— U.S. ——, 111 S.Ct. 1282, 112 L.Ed.2d 358. After reassessing our earlier decision in light of *Feist Publications*, we

---

* The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, is sitting by designation.

remand the case to the district court for the entry of judgment in favor of defendants-appellants Haines and Company, Inc., Haines Criss + Cross Publishers, Inc., William K. Haines, Sr., and William K. Haines, Jr. (collectively, "Haines.").

In our prior decision, we held that Illinois Bell could claim the protection of § 103(a) of the Copyright Act, 17 U.S.C. § 103(a), for its White Pages directories. We also held that Haines had infringed this copyright when it used information obtained from the White Pages in the directories it publishes, which arrange telephone subscriber information by phone number or street address rather than alphabetically by subscriber name. *See* 905 F.2d at 1085–86. In *Feist Publications*, however, the Supreme Court concluded that, while a telephone directory as a whole may be subject to a valid copyright "because it contains some foreword text, as well as original material in its yellow pages advertisements," 111 S.Ct. at 1296, the subscriber information contained in the White Pages "lack[ed] the modicum of creativity necessary to transform mere selection into copyrightable expression." *Id.*

In this case, Illinois Bell has alleged essentially what Rural Telephone Services alleged in *Feist Publications*, namely that the publisher of another directory used subscriber information contained in its White Pages. Feist combined information from a number of White Pages directories, including Rural Telephone's, each of which covered a small area, into a more comprehensive directory; Haines copied subscriber information contained in the White Pages and arranged this information differently than does Illinois Bell. In both cases, however, the information obtained from the White Pages is subscriber listings arranged in a form which is "entirely typical." 111 S.Ct. at 1296. In *Feist Publications*, the Supreme Court held that this information does not merit copyright protection. That decision forecloses Illinois Bell's legal argument, and we remand this case to the district court for the entry of judgment in favor of Haines on Illinois Bell's copyright claims. The parties may also address the question of attorneys' fees and costs to the district court.

IT IS SO ORDERED.